was made to them in the jury room, while they were deliberating on the case, and not from the witness box. The court held that to be error, citing Parker v. State, Tex. Cr.App., 75 S.W. 30; Dane v. State, 36 Tex.Cr.R. 84, 87, 35 S.W. 661. It was new evidence received in retirement.

Again, in Skinner v. State, 101 Tex.Cr. R. 68, 274 S.W. 133, the action of the prosecuting attorney during his argument in tendering the liquor for their examination, and permitting them to smell it and taste it, was considered. The court said that if there was any dispute in the record as to the fact that it was whisky, it would raise a serious question. On rehearing the evidence was stated more in detail. The liquor was passed to all the jurors, some of them smelled it, some tasted it. The court held that the words of the county attorney, accompanying the act of submitting the whisky to them, called upon them to be witnesses on a disputed issue. It appeared to the court that the county attorney himself was not satisfied upon the question of the intoxicating quality of the liquor and that he called upon the jury, by tasting it, to thus decide a disputed issue. This was held to be error and the case was reversed.

In those cases, however, where there is no disputed issue as to the intoxicating quality of the article sold it is uniformly held that no harm is done to the accused by the inspection of the liquor by the jury. See Atwood v. State, 96 Tex.Cr.R. 249, 257 S.W. 563; Cook v. State, 96 Tex.Cr. R. 586, 258 S.W. 1058; and Reid v. State, 100 Tex.Cr.R. 512, 271 S.W. 625, 626, together with the authorities discussed in the opinions of these cases.

It is our conclusion that this bill fails to reveal error. There is no indication that the jury was influenced by smelling the whisky, or that they relied on their own judgment in determining its intoxicating character. In the Reid case, supra, Judge Morrow said: "It was improper for the court to permit the district attorney to pass around to the members of the jury a part of the liquor that was involved and have them smell it. This procedure has often been criticized, and the reason for its continued repetition is difficult to comprehend. If the information gotten by this experiment could be appropriated by them to any controverted question, the conviction would be jeopardized. If, as in the present case, it could not be appropriated, it would seem a useless act. There seems no question that there were several jugs of whisky in the car in which the appellant was riding. The fact that the jury were called upon to smell the whisky, while useless and improper as stated above, cannot under the circumstances be regarded as harmful. See Lerma v. State, 81 Tex.Cr.R. 109, 194 S.W. 167; Cook v. State, 96 Tex.Cr.R. 586, 258 S.W. 1058."

We are of the opinion that the above quoted paragraph is applicable to the case now before us and that the remarks of Judge Morrow are timely.

For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.

**Jake CAMPOS, appellant, v. STATE, appellee.**

**No. 24269.**

Court of Criminal Appeals of Texas.

Nov. 10, 1948.

No appearance for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for aggravated assault; punishment, a fine of $25.

Appellant has filed with this court his affidavit asking that his appeal be dismissed, and upon said request a dismissal of the appeal is ordered.